# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3311
_____

United States of America

*Plaintiff - Appellee*

v.

Paul Beard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 18, 2013
Filed: March 8, 2013

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

On April 4, 2009, Arkansas State Trooper Chris Goodman ("Goodman") discovered more than 180 pounds of raw marijuana in Paul Beard's ("Beard") car trunk after pulling Beard over for alleged traffic violations. Beard moved to suppress the marijuana, arguing that the search violated his Fourth Amendment rights because Goodman did not have a lawful reason for stopping his vehicle. After a hearing, the

district court[1] denied Beard's motion. Beard conditionally pled guilty to conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846, reserving his right to appeal the suppression ruling. The district court[2] sentenced him to a below-guidelines sentence of twelve months plus one day imprisonment, followed by three years of supervised release. He now appeals, arguing the district court erred in crediting Goodman's testimony over Beard's at the suppression hearing because a video recording of the traffic stop contradicted Goodman's testimony. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

At the suppression hearing, Goodman testified that he was parked on the shoulder of the road after completing a traffic stop on an unrelated vehicle. As he was waiting to pull into traffic, he looked behind him and saw Beard's car approaching in the right-hand lane. Once Beard's car "got within 50 yards or so, it kind of jerked to the left and got partially in the left lane but not all the way." After Beard passed Goodman, Beard got back into the right lane but swerved onto the shoulder. Goodman then pulled Beard over for violating Arkansas traffic laws concerning careless driving. Goodman testified that as soon as Beard rolled down his car window at the beginning of the traffic stop, Goodman smelled raw marijuana and immediately decided that he was going to search the vehicle. After placing Beard into the back of his patrol car and asking him some questions, Goodman searched Beard's vehicle and discovered the raw marijuana in the trunk.

---

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas, now retired.

[2]Judge Eisele retired before Beard's sentencing, and Beard's case was reassigned to the Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

Beard's testimony at the suppression hearing painted a different picture of the events leading up to the traffic stop. Beard testified that he was traveling in the right lane as he approached Goodman's vehicle, that there were several cars in the left lane preventing him from moving over, and that he slowed down until those cars passed him so that he could move safely into the left lane. He denied "jerking" his car into the left lane and denied crossing onto the right shoulder. Beard also submitted a video of the traffic stop, recorded from the forward-facing camera in Goodman's patrol car, that Beard argued corroborated his version of events.

After listening to the testimony and viewing the video, the district court denied Beard's suppression motion. United States v. Beard, No. 4:09CR00183-01 GTE, slip op. at 8 (E.D. Ark. Oct. 26, 2010). In doing so, the district court discredited "those portions of Defendant Beard's testimony that contradict Trooper Goodman's testimony." Id. at 2. The court found that the video did "not show the traffic Mr. Beard described as being in front of him and to his left." Id. Moreover, the court found that while the video "does not show Mr. Beard's vehicle going off on the shoulder to the right," this was "not dispositive" because "Trooper Goodman's view of the vehicles in front of him would be considerably more expansive than that of the video camera located in his patrol car." Id. at 2-3. Based on these factual findings, the district court held that a "reasonable officer could conclude that such driving violated Arkansas's 'careless driving' statute," and that Goodman's subsequent search of Beard's vehicle was lawful under the automobile exception to the warrant requirement. Id. at 5, 7.

II.

"We review de novo the district court's determination that reasonable suspicion and probable cause existed. We review the district court's factual findings under a clearly erroneous standard." United States v. Donnelly, 475 F.3d 946, 951 (8th Cir. 2007) (internal citations omitted). A district court's factual finding is clearly

erroneous if the reviewing court "is left with the definite and firm conviction that a mistake has been committed." Schaub v. VonWald, 638 F.3d 905, 915 (8th Cir. 2011) (internal quotation marks omitted). However, a reviewing court may not "reverse the finding of the trier of fact simply because it would have decided the case differently if finding the facts de novo." Id.

Under the Fourth Amendment, law enforcement officers may stop a vehicle if they have "an articulable and reasonable suspicion that a traffic violation has occurred," even if the traffic violation is only minor. United States v. Washington, 455 F.3d 824, 826 (8th Cir. 2006). Under what is termed the "automobile exception" to the warrant requirement, an officer who has lawfully stopped a vehicle can search the vehicle without a warrant if the officer has probable cause. United States v. Mayo, 627 F.3d 709, 713-14 (8th Cir. 2010). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. (internal quotation marks omitted). The smell of marijuana in a vehicle can establish probable cause to search the vehicle for drugs. United States v. Peltier, 217 F.3d 608, 610 (8th Cir. 2000).

Here, an Arkansas statute prohibits "careless driving," which includes, inter alia, "[i]mproper or unsafe lane changes," "operat[ing] any vehicle in such a manner which would cause a failure to maintain control," and "operat[ing] a vehicle in any manner when the driver is inattentive and such inattention is not reasonable and prudent in maintaining vehicular control." Ark. Code Ann. § 27-51-104(b). Another Arkansas statute requires motorists to "move when possible into the farthest lane" from a stopped law enforcement vehicle and to "remain in that lane until past" the stopped vehicle. Id. § 27-51-310(a)(1).

Beard concedes that violation of these statutes authorizes an officer to stop the driver's vehicle. He also concedes that if Goodman smelled raw marijuana

immediately after Beard rolled down his window, then Goodman had probable cause to search his car under the automobile exception. However, Beard argues that the district court erred in crediting Goodman's testimony concerning the factual basis for the traffic stop because that testimony was inconsistent with the video. He asserts that Goodman's search did not fall within the automobile exception because the initial traffic stop was unlawful. Thus, the only question before us is whether the initial traffic stop was lawful.

This Court has reviewed the video of the traffic stop. Contrary to Beard's assertions, the video does not present a clear picture of the events leading up to the traffic stop. Because of the video's poor resolution and distorted perspective, this Court cannot tell which lane Beard's car was in after Goodman pulled onto the highway, or whether Beard's car ever crossed onto the shoulder. Moreover, the video captures only what occurred in front of Goodman's patrol car, not what occurred while Beard was approaching the patrol car from behind. After reviewing the video, we cannot say the district court clearly erred in concluding that Goodman had a better view of events than the camera in his patrol car, and consequently in deferring to Goodman's description of the incident. See VonWald, 638 F.3d at 915 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). Moreover, to the extent Beard generally challenges Goodman's credibility, "findings regarding witness credibility are virtually unreviewable on appeal." See United States v. Coleman, 700 F.3d 329, 334 (8th Cir. 2012) (internal quotation marks omitted).

Given Goodman's description of Beard's erratic driving, Goodman had "an articulable and reasonable suspicion" that Beard violated Arkansas traffic laws. He consequently had a lawful basis for stopping Beard's vehicle. See Washington, 455 F.3d at 826. Moreover, Goodman's search of the vehicle and seizure of the marijuana were lawful under the automobile exception because he smelled raw marijuana

immediately after Beard rolled down his car window.  See Peltier, 217 F.3d at 610.
Thus, the district court correctly denied Beard's motion to suppress.[3]

III.

Accordingly, we affirm.

_____

---

[3]Beard also argues the evidence should be suppressed because Goodman allegedly violated his Miranda rights during the traffic stop.  We need not address this argument because even if there was a Miranda violation, suppression would not be warranted since Goodman had probable cause to search the vehicle independent of any statements by Beard.  See United States v. Fleck, 413 F.3d 883, 893 (8th Cir. 2005) (suppression of physical evidence not warranted when "[n]othing in the record suggests that the [defendants] made any involuntary statements that led to the discovery of the [evidence]").