# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2201

_____

United States of America

*Plaintiff - Appellee*

v.

Brett Maddox

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 18, 2013
Filed: January 9, 2014
[Unpublished]

_____

Before SHEPHERD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

On August 29, 2012, Officer Bain Potter with the Fayetteville, Arkansas Police Department stopped the vehicle Brett Maddox was driving for alleged traffic violations. Potter and another officer recovered a firearm from the vehicle. Maddox was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Maddox moved to suppress all evidence obtained from the search of the

vehicle, including the firearm, arguing that Officer Potter lacked an objectively reasonable basis for the stop, and, accordingly, the stop violated the Fourth Amendment. After a hearing, the district court[1] denied the motion. Maddox conditionally pled guilty, reserving his right to appeal the suppression ruling. The district court sentenced him to 96 months imprisonment. He now appeals, arguing the evidence presented at the suppression hearing does not support the district court's determination that Officer Potter had probable cause or an articulable and reasonable suspicion that a traffic violation occurred to conduct a traffic stop. We affirm.

At the suppression hearing, Officer Potter testified that he stopped Maddox because he believed Maddox had committed the offense of careless driving by crossing a double-yellow line[2] in entering a dedicated left turn lane. The Government also presented the video recording of Maddox's turn from Officer Potter's dashboard camera. The district court found that the video confirmed Officer Potter's testimony that Maddox crossed the double-yellow line before he reached the dedicated left turn lane. The court held that even if Officer Potter was mistaken in his belief that an unsafe lane change was being made, it was not objectively unreasonable for him to believe that crossing the double-yellow lines amounted to careless driving under the Arkansas statutes.

"We review *de novo* the district court's determination that reasonable suspicion and probable cause existed. We review the district court's factual findings under a clearly erroneous standard." United States v. Donnelly, 475 F.3d 946, 951 (8th Cir.

---

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

[2]For clarification purposes, the double-yellow line at issue is not that which divides traffic on one side from traffic on the other such that when it is crossed a vehicle is driving into oncoming traffic. Instead, it is a double-yellow line which separates, forming a bubble enclosed by double-yellow lines to create a dedicated left turn lane at a traffic light. J.A. 1a.

2007) (citations omitted). A district court's factual findings are clearly erroneous if the reviewing court "is left with the definite and firm conviction that a mistake has been committed." Schaub v. VonWald, 638 F.3d 905, 915 (8th Cir. 2011) (internal quotation marks omitted). A reviewing court may not "reverse the finding of the trier of fact simply because it would have decided the case differently if finding the facts de novo." Id.

Under the Fourth Amendment, law enforcement officers may stop a vehicle if they have "either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred," even if the traffic violation is only minor. United States v. Washington, 455 F.3d 824, 826 (8th Cir. 2006). The Arkansas careless driving statute prohibits operating a vehicle "in such a careless manner as to evidence a failure to keep a proper lookout for other traffic," and it also prohibits "[i]mproper or unsafe lane changes." Ark. Code Ann. § 27-51-104.

The only question before us is whether the evidence presented at the hearing supported the district court's decision to deny the motion to suppress. Maddox contends that the video evidence directly contradicts Officer Potter's testimony and, in fact, shows he followed the curve of the double-yellow line without crossing it before turning. We have reviewed the dashboard camera video, and it does not present a clear picture of the vehicle as it entered the turn lane. Because of the video's poor resolution and lighting, coupled with the angle of the camera and distance between the vehicles, we cannot determine whether Maddox crossed the double-yellow line. Therefore, we cannot say the district court clearly erred in crediting Officer Potter's testimony and finding he had an objectively reasonable belief that Maddox violated the Arkansas careless driving statute. See United States v. Coleman, 700 F.3d 329, 334 (8th Cir. 2012) (noting that, on appeal, witness credibility findings are virtually unreviewable); see also United States v. Beard, 708 F.3d 1062, 1066 (8th Cir. 2013) (holding that when the video evidence of a traffic

violation was unclear, the district court did not clearly err in crediting the officer's testimony).

The decision of the district court is affirmed.

———————————————