# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1827

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jamien Machai Williams

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: January 16, 2020
Filed: April 9, 2020

——————————

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

——————————

GRUENDER, Circuit Judge.

Jamien Machai Williams appeals his conviction for possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and for carrying a firearm during and in relation to a drug trafficking offense, in violation

of 18 U.S.C. § 924(c)(1)(A)(i). He argues that the district court[1] erred in denying his motion to suppress evidence obtained from the search of his vehicle. We affirm.

In October 2017, Officers Chad Norris and Amanda Woods of the Windsor Heights, Iowa Police Department were dispatched to a Walmart store parking lot to assist with a "road rage" incident. The woman who reported the incident claimed that another driver, later identified as Williams, cut off her vehicle, then exited his vehicle and hit her driver's side window while yelling at her. The reporting party stated that Williams threatened to shoot her. She described details about Williams's physical appearance, as well as the make, color, and license plate of his car.

Based on these descriptions, the officers located Williams near his vehicle outside the Walmart. Woods approached Williams, handcuffed him, and performed a pat-down search. During this encounter, Williams admitted to telling a woman he had a gun and threatening her, but he denied having a firearm, and the pat down did not reveal a weapon. While Norris told Williams what the reporting party had said, Williams became extremely emotional and stated he was experiencing anxiety. The officers then removed the handcuffs from Williams in an attempt to calm him.

About four minutes after the officers first approached Williams, Norris asked Williams for his identification. Williams responded that his identification was in his car and asked if the officers would "just run [his] name." Norris again requested the identification. As soon as Williams opened the driver's side door, Norris smelled the odor of marijuana coming from the vehicle. Williams handed Norris a driver's license with the name Jordan Gross and said that he had "gained a lot of weight and cut [his] hair." Norris did not believe that the driver's license belonged to Williams.

When Norris asked Williams about the smell of marijuana and told Williams he was going to search the car, Williams started physically struggling with the

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

officers and eventually ran from the parking lot, leaving the car unlocked and the door open. After Williams fled, the officers found a .22 caliber pistol and more than 400 grams of marijuana.

In December 2017, a grand jury in the Southern District of Iowa returned an indictment, charging Williams with three counts: (1) possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (2) carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In October 2018, Williams filed a motion to suppress, which the district court denied. Williams then entered a conditional guilty plea to Counts 1 and 2. The district court subsequently dismissed Count 3 based on the terms of the plea agreement.

The district court sentenced Williams to an 8-month term of imprisonment for Count 1, to run consecutive to a 60-month term of imprisonment for Count 2, for a total term of 68 months' imprisonment. Williams appeals, challenging the district court's denial of his motion to suppress.

Williams does not challenge the officers' initial investigatory stop but argues that the officers impermissibly continued to detain and question him after they determined he did not have a firearm on his person and that the search of his vehicle was unlawful. On appeal from a denial of a motion to suppress, we review the district court's factual findings for clear error and review its legal conclusions *de novo*. *United States v. Bearden*, 780 F.3d 887, 892 (8th Cir. 2015). We will affirm the district court's ruling unless "the denial of the motion is unsupported by substantial evidence, based on an erroneous interpretation of the law, or, based on the entire record, it is clear that a mistake was made." *Id.*

Police may conduct a brief investigatory stop if they have a "reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000); *Terry v. Ohio*, 392 U.S. 1, 30-31 (1968). This standard "allows

officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them." *United States v. Arvizu*, 534 U.S. 266, 273 (2002). The extent of an investigatory stop must be "reasonably related in scope to the circumstances which justified the interference in the first place." *United States v. Ortiz-Monroy*, 332 F.3d 525, 529 (8th Cir. 2003).

First, the officers lawfully continued their investigation after they determined Williams was not carrying a gun because, during the pat down, Williams admitted that he had threatened to shoot a woman. Because Williams admitted to threatening the reporting party, the officers had at least a reasonable suspicion that he had committed harassment in violation of Iowa law. *See* Iowa Code § 708.7. Given this admission, the officers had "sufficient suspicion to justify the expansion of the investigation" by asking for Williams's identification because his identity was necessary to pursue charges should the reporting party choose to do so. *See United States v. Horton*, 611 F.3d 936, 941 (8th Cir. 2010); *United States v. Dawdy*, 46 F.3d 1427, 1430 (8th Cir. 1995). Therefore, the officers' request for Williams's identification was a reasonable and lawful extension of their initial investigatory stop.

Second, the officers then had probable cause to search Williams's vehicle because Norris smelled marijuana when Williams opened the car door. *See United States v. Beard*, 708 F.3d 1062, 1065 (8th Cir. 2013). During a lawful investigatory stop, officers may search a vehicle when they develop probable cause to believe it contains contraband or evidence of criminal activity. *Id.* We have repeatedly held that the odor of marijuana provides probable cause for a warrantless search of a vehicle under the automobile exception. *See, e.g.*, *United States v. Mayfield*, 678 F. App'x 437, 439 (8th Cir. 2017) (per curiam); *United States v. Brown*, 634 F.3d 435, 438 (8th Cir. 2011). Thus, the district court did not err in denying Williams's motion to suppress evidence obtained from the search of his vehicle.

Accordingly, we affirm.

_____