# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3440

_____

United States of America

*Plaintiff - Appellee*

v.

Brian Barron

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: November 15, 2021
Filed: March 21, 2022
[Unpublished]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Brian Barron on several drug and firearm charges. Barron appeals, arguing the district court[1] erred in denying his motion to suppress evidence

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

obtained during a search of his vehicle. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

On October 18, 2017, Deandra Young went to the FBI Little Rock Field Office to make a complaint about Barron. She spoke with Task Force Officers Christopher McCauley and Jacob Pasman and told them Barron had fired a shot at her with a MAC-10 automatic machine gun earlier that day. She also told the officers that Barron was a convicted felon, was active in a gang, and was selling drugs—methamphetamine, cocaine, and possibly heroin—and that he had a storage locker where he kept both drugs and guns.

McCauley and Pasman verified Barron's prior felony convictions and confirmed that his name was on locker #1645 at the U-Haul storage facility Young had described. McCauley then contacted Officer Pat Hall, who responded with his police K-9, Onyx. Onyx alerted to locker #1645.

McCauley asked Officer Kevin Webb to maintain security at the storage facility while he drafted an affidavit for a warrant to search locker #1645. While on surveillance of the facility, Webb saw a gold GMC Yukon XL pull into the parking lot. Webb observed Barron get out of the gold Yukon and enter the storage facility.

Webb followed Barron and saw him unlock and open the door to locker #1645. Webb identified himself and asked Barron to step away from the locker. Pasman arrived to assist, and Barron was detained and handcuffed. McCauley soon arrived with a signed search warrant, and the officers searched the locker. They recovered pill bottles containing prescription medications and jars with marijuana residue.

Because Onyx and his handler had already left the scene, Pasman asked Officer Jason Farmer to bring his K-9, Brix, to the U-Haul facility to conduct an

open-air sniff of the gold Yukon. Brix alerted at the driver's side door. Officers then searched the Yukon and found two loaded firearms, additional rounds of ammunition, and drugs, including cocaine, methamphetamine, heroin, and various pills.

A federal grand jury charged Barron in a superseding indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii); possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871; and four forfeiture allegations.

Barron filed a motion to suppress the evidence seized from the gold Yukon. After an evidentiary hearing, the district court denied the motion, and Barron appeals that ruling. We review the denial of a motion to suppress under a mixed standard of review. United States v. Holly, 983 F.3d 361, 363 (8th Cir. 2020) (citation omitted). "We review the district court's findings of fact under the clearly erroneous standard, and the ultimate conclusion of whether the Fourth Amendment was violated is subject to *de novo* review." Id. (quoting United States v. Williams, 777 F.3d 1013, 1015 (8th Cir. 2015)).

II.

Law enforcement officers searched Barron's gold Yukon without a warrant, and Barron argues that there is no exception to the warrant requirement that justified the search. The government, in turn, defends the search as permissible under the "automobile exception." See United States v. Brown, 634 F.3d 435, 438 (8th Cir. 2011) (quoting United States v. Davis, 569 F.3d 813, 817 (8th Cir. 2009)) (explaining the automobile exception "allows law enforcement to 'search a vehicle

without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity'").

Barron does not challenge the reliability of Brix's alert or that the officers had probable cause to believe his Yukon contained drugs. See United States v. Donnelly, 475 F.3d 946, 955 (8th Cir. 2007) ("Assuming that the dog is reliable, a dog sniff resulting in an alert on a container, car, or other item, standing alone, gives an officer probable cause to believe that there are drugs present."). Instead, he argues that no exigent circumstances excused the officers' failure to obtain a warrant before searching the vehicle. Specifically, Barron notes that at the time of the search, he was detained inside the storage facility, the officers had the keys to the vehicle, and a search warrant was already being sought for the storage locker.

We considered a similar situation in United States v. Blaylock, 535 F.3d 922 (8th Cir. 2008) (per curiam). There, police obtained a warrant to search the defendant's home after he twice sold crack cocaine to undercover officers. Id. at 924–25. The defendant had driven a blue Nissan during the sales, and police previously determined the vehicle was registered in his name. Id. When executing the search of the defendant's home, police discovered the blue Nissan in the driveway. Id. at 925. Although the warrant only covered the defendant's home, police also searched the blue Nissan and found crack cocaine and a gun inside. Id.

We affirmed the district court's denial of the defendant's motion to suppress the evidence obtained as a result of the warrantless search of the blue Nissan, finding the search was permissible under the automobile exception. Id. at 926. Noting that the automobile exception justifies warrantless vehicle searches so long as the overriding standard of probable cause is met, we held that "[n]o exigency beyond that created by the ready mobility of an automobile is required for a warrantless search of a car to fall within the [automobile] exception." Id. (citing Pennsylvania v. Labron, 518 U.S. 938, 940 (1996)). Because police had seen the defendant use the blue Nissan while selling drugs, there was sufficient probable cause linking the car to drug trafficking. Id. at 927. The presence of probable cause combined with

-4-

evidence that the car was "readily mobile" placed the warrantless search within the automobile exception.  Id.

No one disputes the officers had probable cause to believe Barron's gold Yukon contained drugs.  And the officers also knew the vehicle was "readily mobile" because they had seen Barron drive it into the U-Haul facility parking lot.  As in Blaylock, no further exigency is required.  See id. at 926.

The judgment of the district court is affirmed.

_____