# United States Court of Appeals
### For the Eighth Circuit
_____

No. 21-2832
_____

United States of America

*Plaintiff - Appellee*

v.

Musalleh Waheed Muhammad, also known as Musaaleh Waheed Muhammad

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: March 17, 2022
Filed: June 9, 2022
[Unpublished]
_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

After the district court[1] denied his suppression motion, Musalleh Muhammad entered a conditional guilty plea to conspiracy to distribute 500 grams or more of a

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Hildy Bowbeer, United States Magistrate Judge for the District of Minnesota.

mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Muhammad now appeals, contending the officer unreasonably prolonged the traffic stop and that the search of the vehicle lacked probable cause. We affirm.

## I.    BACKGROUND

On March 2, 2019, officers who were actively investigating a suspected drug trafficking operation observed one of the main targets of the investigation driving an SUV to various locations. Officer Theodore Layton observed the main target and a male passenger enter a house, emerge with a dark-colored backpack, and leave in the SUV. Officers followed the SUV to a commercial parking lot where they observed what they perceived to be a likely drug transaction. Officer Nathan Garland informed Officer Layton that he saw a man exit the SUV and enter a car, placing an object in the backseat. Believing that criminal activity was afoot, Officer Layton followed the car as it left the parking lot.

The vehicle merged onto I-494 and Officer Layton asked Minnesota State Trooper Shaun Leshovsky to conduct a traffic stop, if possible. Multiple law enforcement vehicles in the vicinity drove towards the car's location all while maintaining open communication. Officer Garland reported that the car changed lanes without signaling. Trooper Leshovsky concurred that he saw the car abruptly cross two lanes of traffic to exit the interstate, although he acknowledged that the abrupt lane change was not captured on his dashcam, explaining that a person's field of vision is broader than the camera can capture.

Trooper Leshovsky stopped the car based on three observed violations: (1) improper lane changes, (2) an expired temporary registration, and (3) an obstructed license plate. The driver of the car pulled into a parking lot. As Trooper Leshovsky approached the car, he smelled a faint odor of marijuana originating from the car but did not mention the odor out of concern the driver would feel coerced if he later asked for consent to search the car.

-2-

Trooper Leshovsky obtained the driver's (who was later identified as Muhammad) registration, license, and insurance documents and asked Muhammad to exit the vehicle so he could show him the expired temporary license on the rear window. Trooper Leshovsky placed Muhammad in the passenger seat of the patrol car while he prepared a warning ticket for the registration violation. Trooper Leshovsky decided to confirm whether the VIN on the car matched the registration, so he exited the patrol car and instructed Muhammad to stay seated.

When Trooper Leshovsky arrived at the car, he was unable to read the VIN because of the tint on the windshield. He opened the driver's door to read the VIN on the pillar post on the driver's side door. Trooper Leshovsky again noted the odor of marijuana. Trooper Leshovsky asked the passenger whether he smoked marijuana, which he denied. Trooper Leshovsky then returned to his squad car, informed Muhammad that he smelled marijuana in the car, and asked him if he smoked marijuana. Muhammad immediately became nervous and tense while he denied use or possession of marijuana.

When Trooper Leshovsky gave Muhammad his documents and the warning ticket, he asked whether Muhammad would answer a few questions. Muhammad agreed, eventually denying the presence of marijuana, narcotics, weapons, or unusual amounts of money. Muhammad refused to grant permission to search the car. Trooper Leshovsky informed Muhammad that he had probable cause to search the vehicle and proceeded to search the vehicle.

During the search, Trooper Leshovsky found marijuana debris in plain view near the center console and a plastic container containing marijuana in the glove compartment. At this point, Muhammad told him that there was more marijuana behind the driver's seat, which Trooper Leshovsky interpreted as an attempt to divert his attention away from the backpack behind the passenger's seat. Trooper Leshovsky found a large quantity of narcotics inside the backpack sitting on the floorboard and proceeded to arrest Muhammad and the passenger. He subsequently found a jar containing about a half-ounce of marijuana behind the driver's seat.

-3-

Muhammad was indicted with conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. Muhammad unsuccessfully moved to suppress the evidence obtained from the stop and vehicle search, arguing the stop violated the Fourth Amendment because it was not supported by reasonable articulable suspicion or probable cause, or, alternatively, even if the stop was lawful, the detention of Muhammad for traffic violations was unreasonable.

The district court held that the stop was supported by reasonable and articulable suspicion based on the lane changes and obstructed license plate. The court found that Trooper Leshovsky's explanation for failing to mention the odor of marijuana the first time he perceived it was reasonable and that the odor of marijuana provided probable cause for the search of the car.

## II.   ANALYSIS

We review the district court's factual findings for clear error and questions of law *de novo*. United States v. Holly, 983 F.3d 361, 363 (8th Cir. 2020). We will affirm unless the denial of the motion to suppress was unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or clearly mistaken based on the entire record. United States v. Dillard, 825 F.3d 472, 474 (8th Cir. 2016).

Muhammad challenges Trooper Leshovsky's credibility, claiming that the officer's subjective report of the odor of marijuana was unreliable. The district court's credibility determination is well supported in the record and is not clearly erroneous. See United States v. Shumaker, 21 F.4th 1007, 1016-17 (8th Cir. 2021) (holding the credibility finding of smelling burnt marijuana while driving behind a car was not clearly erroneous).

Muhammad next challenges the district court's conclusion that the odor of marijuana was sufficient to provide probable cause for the search, relying primarily

on the belief that the stop was unreasonably extended. The constitutionality of the duration of a stop depends on "the seizure's mission," which may expand after the stop. United States v. Merrett, 8 F.4th 743, 751 (8th Cir. 2021) (cleaned up); see Rodriguez v. United States, 575 U.S. 348, 354 (2015). The primary mission of a traffic stop is to address the traffic violation and related concerns about safety. United States v. Mosley, 878 F.3d 246, 253 (8th Cir. 2017). Seizure authority will end when the officer's "tasks tied to the traffic infraction are—or reasonably should have been—completed." United States v. Traylor, 14 F.4th 804, 806 (8th Cir. 2021) (quoting Rodriguez, 575 U.S. at 354). Even so, during the stop facts may develop that could expand the duration of a reasonable stop.

Where, as is the case here, an officer develops probable cause to believe a vehicle contains contraband or evidence of a crime, he may search the vehicle without a warrant. United States v. Parks, 902 F.3d 805, 813 (8th Cir. 2018). We have held that the odor of marijuana emitting from a vehicle during a proper traffic stop provides probable cause for a warrantless search of a vehicle under the automobile exception. United States v. Williams, 955 F.3d 734, 737 (8th Cir. 2020) (collecting cases). Trooper Leshovsky developed probable cause to investigate a possible drug violation based on the odor of marijuana. Probable cause developed before he issued the traffic violation warning and completed tasks tied to the infractions. Upon careful review of the record, the district court committed no error in denying Muhammad's motion to suppress evidence seized during the search of the vehicle.

## III. CONCLUSION

The judgment of the district court is affirmed.

_____