# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3768

_____

United States of America

*Plaintiff - Appellee*

v.

Jacob Robert Hogberg

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: July 26, 2022
Filed: August 1, 2022
[Unpublished]

_____

Before BENTON, SHEPHERD, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Jacob Hogberg appeals after he pleaded guilty to drug and firearm offenses and the district court[1] sentenced him to 148 months in prison. His counsel has moved for

---

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court erred by denying his motion to suppress, and by imposing an unreasonable sentence.

Upon careful review, we conclude that the district court did not err in denying Hogberg's motion to suppress. See <u>United States v. Holly</u>, 983 F.3d 361, 363 (8th Cir. 2020) (in reviewing denial of a motion to suppress, district court's findings of fact are reviewed for clear error and its legal conclusions are reviewed de novo). Specifically, we find that the officers had probable cause to search the truck and its contents, <u>see United States v. Solomon</u>, 432 F.3d 824, 827 (8th Cir. 2005) (existence of probable cause depends on whether, in the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place); and that the statements Hogberg made to police after being read his <u>Miranda</u> rights were voluntary, <u>see Berghuis v. Thompkins</u>, 560 U.S. 370, 381-82 (2010) (invocation of the right to remain silent must be unambiguous).

We further conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a) and did not err in weighing the relevant factors. See <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (reviewing sentences for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when the court fails to consider relevant factor, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors). Further, the court imposed a sentence below the Guidelines range. See <u>United States v. McCauley</u>, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when the district court has varied below the Guidelines range, it is "nearly inconceivable" that the court abused its discretion in not varying further).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

———————————————————