# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1220

_____

United States of America

*Plaintiff - Appellee*

v.

Kiyon Kentrell Orr

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: September 8, 2022
Filed: September 13, 2022
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Kiyon Orr appeals after he pleaded guilty to a firearm offense and the district court[1] sentenced him to 96 months in prison. His counsel has moved for leave to

_____

[1] The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred by denying his motion to suppress, and by sentencing him based on an improper enhancement. Orr has filed a pro se brief reiterating counsel's arguments.

Upon careful review, we conclude that the district court did not err in denying Orr's motion to suppress. See United States v. Holly, 983 F.3d 361, 363 (8th Cir. 2020) (in reviewing denial of a motion to suppress, district court's findings of fact are reviewed for clear error and its legal conclusions are reviewed de novo). Specifically, we find that the officers had reasonable suspicion to detain Orr and pat him down, and probable cause to arrest him for interference with official acts after he resisted. See Pollreis v. Marzolf, 9 F.4th 737, 743 (8th Cir. 2021) (police can stop and briefly detain a person for investigative purposes if the officer has reasonable suspicion supported by articulable facts that criminal activity may be afoot); United States v. Harvey, 1 F.4th 578, 581 (8th Cir. 2021) (officers may make a protective pat-down search if they have a reasonable, articulable suspicion that the person may be armed and presently dangerous); Small v. McCrystal, 708 F.3d 997, 1004 (8th Cir. 2013) (officers have probable cause to arrest for interference with official acts under Iowa law where the arrestee resists or obstructs them in the performance of their duties).

We further conclude that the district court correctly calculated Orr's offense level. See United States v. Turner, 781 F.3d 374, 393 (8th Cir. 2015) (construction and application of Guidelines are reviewed de novo). Specifically, the record supported the enhancement for possessing the firearm in connection with felony interference with official acts. See Iowa Code § 719.1 (a person commits interference with official acts when the person knowingly resists or obstructs anyone known by the person to be a peace officer in the performance of any act which is within the scope of the lawful duty or authority of that officer; offense is a class D felony if the person is armed with a firearm); U.S.S.G. § 2K2.1(b)(6)(B).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal.  Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____