# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-1132
_____

United States of America

*Plaintiff - Appellee*

v.

Pedro Armando Nava

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: September 21, 2023
Filed: December 4, 2023
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Pedro Armando Nava conditionally pleaded guilty to possession with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1)

and 841(b)(1)(A)(i). The district court[1] sentenced him to a 121-month term of imprisonment to be followed by 5 years of supervised release. He appeals the denial of his motion to suppress. We affirm.

I.

On the morning of January 22, 2022, Nava was driving on Interstate 40 in Crawford County, Arkansas, with his fiancée. Trooper Joshua Elmore observed Nava's car cross the fog line and noticed that its registration sticker was expired. After Elmore signaled him to pull over, Nava stopped at the Arkansas Welcome Center parking lot. Elmore approached the vehicle and spoke to Nava from the passenger side window. He later testified that he smelled marijuana as soon as he approached the car. Elmore asked Nava to exit the vehicle so they could speak in his patrol car, and called for a backup trooper.

Nava sat in the front passenger seat of the patrol car, without handcuffs or restraints, while Elmore questioned him about his itinerary and rental car. Nava told him that he and his fiancée were driving a one-way rental from California to Charlotte, North Carolina, where his aunt lived. Nava added that they would continue driving to New York City, where he had never visited, before flying back to California. The rental agreement indicated that the car had to be returned in New York by January 24th, only two days later, which seemed to Elmore like a quick trip. Elmore then asked Nava how much "weed" was in the car, and Nava responded that he had "a joint" in the door. Elmore exited the patrol car, while Nava remained in the passenger seat, and approached his fiancée in the rental car. He asked her about their travel plans and found it "very odd" that she said they were just "driving around" and did not know where they were going.

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas, adopting the Report and Recommendation of the Honorable Mark Ford, United States Magistrate Judge for the Western District of Arkansas.

Elmore then had Nava move from the front to the backseat of his patrol car and had his fiancée sit in the backup trooper's patrol car. Elmore and the backup trooper proceeded to search the rental vehicle, ultimately finding narcotics concealed in the lining of otherwise empty suitcases in the trunk. Nava and his fiancée were subsequently arrested.

Nava was indicted on one count of possession with intent to distribute more than one kilogram of heroin and one count of possession with intent to distribute more than 500 grams of cocaine, both in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). He moved to suppress the statements and physical evidence obtained during the traffic stop. After an evidentiary hearing, where the government introduced dashcam footage of the stop and Elmore testified, the Magistrate Judge recommended that the motion be denied, concluding that Nava was not in custody when Elmore questioned him in the patrol car and that Elmore had probable cause to search Nava's vehicle. The district court adopted the Magistrate Judge's Report and Recommendation in its entirety. Nava then pleaded guilty to one count of the Indictment, reserving the right to appeal the denial of his motion to suppress.

II.

When considering the denial of a motion to suppress, we review findings of fact for clear error and review legal conclusions de novo. See United States v. Callison, 2 F.4th 1128, 1131 (8th Cir. 2021). "We will affirm the denial of a motion to suppress unless the district court's decision was unsupported by substantial evidence, was based on an erroneous interpretation of applicable law, or was clearly mistaken in light of the entire record." United States v. Murillo-Salgado, 854 F.3d 407, 414 (8th Cir. 2017) (citing United States v. Woods, 829 F.3d 675, 679 (8th Cir. 2016)).

Nava argues that the district court erred in two ways: first, by concluding that he was not "in custody" for purposes of Miranda warnings; and second, by deciding

that the odor of marijuana was sufficient to establish probable cause to search his rental car. We address each argument.

## A.

Under <u>Miranda v. Arizona</u>, a law enforcement officer is required to advise of the "privilege against self-incrimination and to the assistance of counsel" prior to subjecting an individual to custodial interrogation. <u>United States v. Griffin</u>, 922 F.2d 1343, 1347 (8th Cir. 1990) (citing 384 U.S. 436, 444–45 (1966)). A driver is not typically considered to be "in custody" when they are questioned during a traffic stop such that their <u>Miranda</u> rights are triggered. <u>United States v. Soderman</u>, 983 F.3d 369, 376 (8th Cir. 2020) (citing <u>Berkemer v. McCarty</u>, 468 U.S. 420, 436, 439–40 (1984)). To determine whether a driver's <u>Miranda</u> rights are triggered during a traffic stop, "courts should look for the 'functional equivalent of formal arrest.'" <u>United States v. Rodriguez</u>, 711 F.3d 928, 935 (8th Cir. 2013) (citing <u>Berkemer</u>, 468 U.S. at 442).

The stop here was not custodial. Although Nava was asked to sit in Elmore's patrol car, he "retained a degree of free movement." <u>See</u> <u>Soderman</u>, 983 F.3d at 377. His detention and questioning were brief, and he was neither handcuffed, nor moved to the back seat until after his conversation with Elmore had ended. <u>See</u> <u>id.</u>; <u>Berkemer</u>, 468 U.S. at 441. Because the record supports the factual determination that Nava was not in custody during the traffic stop, the district court did not err when it found no Fifth Amendment or <u>Miranda</u> violation.

## B.

Nava also argues that, given the legality of medical marijuana and industrial hemp under Arkansas law, the district court erred when it concluded that the odor of marijuana was sufficient to establish probable cause to search his car. When a police officer makes a lawful traffic stop and has probable cause to believe that the vehicle contains contraband, the automobile exception to the Fourth Amendment's warrant

requirement may justify a warrantless search. <u>United States v. Milk</u>, 66 F.4th 1121, 1131 (8th Cir.) (quoting <u>United States v. Walker</u>, 840 F.3d 477, 483 (8th Cir. 2016)), <u>cert. denied</u>, No. 23-5274, 2023 WL 6378935 (Oct. 2, 2023). As Nava acknowledges, this Circuit recognizes that "the odor of marijuana provides probable cause for a warrantless search of a vehicle under the automobile exception." <u>Id.</u> (quoting <u>United States v. Williams</u>, 955 F.3d 734, 737 (8th Cir. 2020)) (citing <u>Walker</u>, 840 F.3d at 483). Because Elmore smelled marijuana coming from Nava's rental car when he first approached the vehicle, the district court did not err in concluding that officers had probable cause to search it.

III.

We affirm the judgment of the district court.

_____