# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1112
_____

United States of America

*Plaintiff - Appellee*

v.

Prince L. Spellman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: February 16, 2024
Filed: February 26, 2024
[Unpublished]

_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Prince Spellman, who is proceeding pro se, appeals after a jury convicted him of drug and firearm offenses and the district court[1] sentenced him to 450 months in

_____

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

prison. On appeal, Spellman challenges the denial of his motion to suppress, and argues that the government engaged in prosecutorial misconduct.

Upon careful review, we conclude that the district court did not err in denying Spellman's motion to suppress. See United States v. Holly, 983 F.3d 361, 363 (8th Cir. 2020) (in reviewing denial of a motion to suppress, district court's findings of fact are reviewed for clear error and its legal conclusions are reviewed de novo). The officers had reasonable suspicion to stop his vehicle, as it met the description of a vehicle involved in a shots-fired incident, see United States v. Bell, 480 F.3d 860, 863 (8th Cir. 2007) (officers may conduct an investigatory stop of a vehicle if they have a reasonable suspicion, with an objective and particularized basis, that the vehicle or its occupants are involved in criminal activity), and there was probable cause to search the vehicle based on the odor of marijuana coming from the vehicle and the firearm observed in plain view on the floorboard, see United States v. Beard, 708 F.3d 1062, 1065 (8th Cir. 2013) (probable cause to search a vehicle exists when a reasonable person could believe there is a fair probability that contraband or evidence of a crime will be found inside; smell of marijuana in a vehicle can establish probable cause to search the vehicle for drugs).

We also conclude that Spellman failed to show the government engaged in prosecutorial misconduct, as he failed to show that the government knowingly elicited false testimony, or that such testimony likely affected the jury's verdict. See United States v. Hunter, 770 F.3d 740, 743 (8th Cir. 2014) (to obtain relief based on claim of prosecutorial misconduct, defendant must show prosecutor's conduct was improper and affected his substantial rights so as to deprive him of a fair trial); United States v. Flores-Lagonas, 993 F.3d 550, 562 (8th Cir. 2021) (to establish due process violation based on prosecutorial use of false testimony, defendant must show that the prosecution used perjured testimony, the prosecution knew or should have known of the perjury, and there was a reasonable likelihood that the perjured testimony could have affected the jury's verdict).

Accordingly, we affirm.

_____