# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3767
_____

United States of America

*Plaintiff - Appellee*

v.

Cregg Matthews

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: May 20, 2025
Filed: May 23, 2025
[Unpublished]
_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Cregg Matthews appeals after a jury convicted him of a drug offense, and the district court[1] sentenced him to 240 months in prison. His counsel has moved for

_____

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred by denying his motions to suppress and for an expert witness, that the government violated Brady v. Maryland, 373 U.S. 83 (1963), and that the court imposed a substantively unreasonable sentence. Matthews has filed a pro se brief raising additional challenges to his conviction.

As to the issues raised by counsel, we conclude that the district court did not err in denying Matthews's motion to suppress. See United States v. Holly, 983 F.3d 361, 363 (8th Cir. 2020) (in reviewing denial of a motion to suppress, district court's findings of fact are reviewed for clear error and its legal conclusions are reviewed de novo). Specifically, Matthews sought to suppress evidence from a seized duffel bag, which would inevitably have been discovered after a drug dog alerted to a suitcase on the bus with his name on it. See United States v. Baez, 983 F.3d 1029, 1037-38 (8th Cir. 2020) (evidence is admissible if it would have inevitably been discovered by lawful means based on alternative line of investigation).

We also conclude that the district court did not err by denying Matthews's motion for an expert witness, see United States v. Ladoucer, 573 F.3d 628, 637 (8th Cir. 2009) (decision to grant or deny funding for expert witness is committed to discretion of the district court and will not be reversed absent a showing of prejudice); and we find no indication that the government withheld any favorable evidence, see United States v. Ruzicka, 988 F.3d 997, 1006 (8th Cir. 2021) (Brady violation occurs when government fails to disclose material evidence that is favorable to defendant).

We further conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a) and did not err in weighing the relevant factors. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentences for substantive reasonableness under deferential abuse of discretion standard; abuse of

discretion occurs when the court fails to consider relevant factor, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors).  Further, the court imposed a sentence below the Guidelines range.  See United States v. McCauley, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when the district court has varied below the Guidelines range, it is "nearly inconceivable" that the court abused its discretion in not varying further).

As to Matthews's pro se arguments, we conclude that he waived his challenge to the GPS tracking of his phone because he did not move to suppress evidence on that basis and has not shown good cause for his failure to do so.  See United States v. Cooke, 853 F.3d 464, 474 (8th Cir. 2017) (defendant waived even plain error review of admission of evidence when the basis for a motion to suppress was reasonably available before trial and no good cause was shown for failure to move to suppress at that time).  He also failed to show that the government engaged in prosecutorial misconduct.  See United States v. Martin, 59 F.3d 767, 770 (8th Cir. 1995) (to prove a due process violation from prosecutorial use of false testimony, defendant must show that the prosecution used perjured testimony and that the prosecution knew or should have known of the perjury).

To the extent Matthews raises an ineffective-assistance claim, we decline to address it in this direct appeal.  See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal.  Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____