# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2052
_____

United States of America

*Plaintiff - Appellee*

v.

Komboor Gatluak Gatnoor, also known as Komboor G. Gatnoor

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: April 30, 2026
Filed: May 5, 2026
[Unpublished]
_____

Before LOKEN, SMITH, and BENTON, Circuit Judges.
_____

PER CURIAM.

Komboor Gatnoor appeals after pleading guilty to being a felon in possession of a firearm and the district court[1] sentenced him to 6 months in prison and 3 years

_____

[1]The Honorable Roberto A. Lange, Chief Judge, United States District Court for the District of South Dakota, adopting the report and recommendations of the Honorable Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.

of supervised release. On appeal, Gatnoor challenges the denial of his motion to suppress the firearm. Upon careful review of the record and the parties' arguments on appeal, we affirm. See United States v. Holly, 983 F.3d 361, 363 (8th Cir. 2020) (in reviewing denial of a motion to suppress, district court's findings of fact are reviewed for clear error and its legal conclusions are reviewed de novo).

The evidence presented at the suppression hearing shows that Police Officers Ball and Greisiger, who were in the area of a bar due to an increase in crime, heard a bottle hit the ground, and when they turned around, they observed a vehicle near the bottle with its front passenger window rolled down, and no pedestrians or other vehicles were near the bottle's location. The officers approached the vehicle and observed Gatnoor seated on the front passenger side. When Gatnoor exited the vehicle, Ball noticed a bulge in Gatnoor's front waistband. Believing the bulge to be a firearm, Ball asked Gatnoor to turn toward the car, so he could conduct a pat-down search. At that point, Gatnoor fled the scene, and was immediately apprehended by police.

Gatnoor contends police lacked reasonable suspicion to detain him because they did not see him throw the bottle out of the car and that the firearm should therefore have been suppressed. However, we conclude, based on the facts adduced at the suppression hearing, that the totality of the circumstances indicate the police had reasonable suspicion to believe Gatnoor violated state littering laws and thus to stop the vehicle. See United States v. Roberts, 787 F.3d 1204, 1209 (8th Cir. 2015) (police officer may conduct investigative stop if there is reasonable suspicion supported by articulable facts that criminal activity may be afoot; reasonable suspicion requires more than a mere hunch, but less than probable cause or preponderance of the evidence); United States v. Martinez-Cortes, 566 F.3d 767, 769 (8th Cir. 2009) (in making reasonable-suspicion determinations, reviewing courts must look to totality of circumstances); see also Brendlin v. California, 551 U.S. 249, 257 n.3 (2007) (police may stop a car solely to investigate passenger's conduct, including violation of littering ordinance). We further conclude that, in any event,

Gatnoor's decision to flee the scene provided an independent basis to detain him. <u>See</u> <u>United States v. Dawdy</u>, 46 F.3d 1427, 1431 (8th Cir. 1995) (even assuming initial stop and arrest were invalid, resistance provided independent grounds for arrest, and evidence discovered in subsequent search of defendant's person was admissible).

       The judgment is affirmed.

_____