# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1894
_____

United States of America,

*Plaintiff - Appellee,*

v.

Timothy John Hansen,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: November 14, 2016
Filed: June 13, 2017
_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Timothy Hansen pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Law enforcement seized computers and other electronic devices from Hansen on January 31, 2013, and found thousands of images of child pornography. Hansen admitted downloading and viewing child pornography through the use of peer-to-peer file-sharing software programs. The district court

sentenced him to 130 months' imprisonment, and Hansen appeals the sentence. He contends that the district court[1] committed procedural error at sentencing by increasing his guideline offense level by five levels under USSG § 2G2.2(b)(3)(B).

At the time of sentencing, the guideline provided that the court should increase the defendant's offense level by five levels if the child pornography offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." USSG § 2G2.2(b)(3)(B) (2015). According to the commentary, the increase should be applied based on "any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit." *Id.*, comment. (n.1). "Thing of value" meant "anything of valuable consideration." *Id.* If the defendant distributed child pornography, but did not qualify for the five-level increase, then a two-level increase applied. USSG § 2G2.2(b)(3)(F).

In several cases, this circuit applied the five-level enhancement when a defendant received and shared child pornography files through peer-to-peer file-sharing networks. *See United States v. Bastian*, 603 F.3d 460, 466 (8th Cir. 2010) (collecting cases). The court ruled that the government could meet its burden through "direct evidence, such as an admission by the defendant that he knew he was using a file-sharing network, and could download files from others who could download files from him." *Id.* Or the government could present "indirect evidence, such as the defendant's technical sophistication in computers, inferring that he knew that by using a file-sharing network, he could download files from others who could also access his files." *Id.*

This court's approach was criticized on the ground that use of a file-sharing network does not necessarily involve bartering or another in-kind transaction that

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

qualifies for the enhancement. The concern expressed was that where a person can access shared files on peer computers whether or not he shares his own files, there is no "transaction" that is conducted "*for* a thing of value," as required by the guideline. *United States v. Spriggs*, 666 F.3d 1284, 1287-88 (11th Cir. 2012); *United States v. Geiner*, 498 F.3d 1104, 1111 (10th Cir. 2007); *Bastian*, 603 F.3d at 467 (Colloton, J., concurring).

Effective November 2016, the Sentencing Commission amended § 2G2.2(b)(3)(B) to reject the view that a defendant's knowing use of file-sharing software generally satisfies the requirements for a five-level enhancement. The amended guideline provides that the enhancement applies if "the defendant distributed in exchange for any valuable consideration." USSG § 2G2.2(b)(3)(B) (2016); *see* USSG App. C, amend. 801. This means that the increase applies where a defendant "agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child." *Id.*, comment. (n.1). Going forward, therefore, this court's contrary precedents concerning § 2G2.2(b)(3)(B) have been superseded by amendment.

Hansen was sentenced before the amendment became effective, so the district court properly applied the former guideline and this court's then-existing precedent to determine whether the five-level adjustment was warranted. USSG § 1B1.11(a); *United States v. Adams*, 509 F.3d 929, 932 n.4 (8th Cir. 2007). The Commission did not apply the amendment retroactively. *See* USSG § 1B1.10(d) (2016). Hansen points out, however, that the Commission thought Amendment 801 would "clarify" the guideline, and that a court should consider subsequent guideline amendments "to the extent that such amendments are clarifying rather than substantive changes." USSG § 1B1.11(b)(2); *see United States v. King*, 280 F.3d 886, 891 (8th Cir. 2002).

Although the November 2016 amendment changes the law of this circuit, it can still be considered "clarifying" if it does not conflict with the preexisting guideline. *United States v. Diaz-Diaz*, 135 F.3d 572, 581 (8th Cir. 1998).

Hansen argues that the district court erred in applying the five-level increase, whether we apply the pre-amendment guideline or the "clarifying" amendment. He relies on evidence showing that he took steps to prevent others from downloading child pornography files from his computer, and argues that he did not distribute images in exchange for a thing of value or valuable consideration. The government, arguing based on the pre-amendment guideline and decisions, counters with other evidence and argument: Hansen admitted using file-sharing software programs to download images from others; an officer was able to download child pornography from Hansen's Internet Protocol address in January 2013; and Hansen conceded that he was subject to a two-level increase for distributing child pornography.

We need not address whether the district court's finding was adequately supported under either legal standard, because it is clear that any error in applying the five-level increase was harmless. With a five-level increase, Hansen's advisory guideline range was 210 to 240 months. With a two-level increase, the range would have been 151 to 188 months. The district court found that Hansen's conduct had "the culpability of a two-level increase" and varied downward from the advisory range to a term of 130 months' imprisonment based on the factors in 18 U.S.C. § 3553(a). The court explained that "the guideline sentencing system inadequately addresses the circumstances of this defendant and the range is unreasonable." There is thus a strong inference that the court treated Hansen as though he received only a two-level increase and then varied even further below the range that would have applied with the two-level increase. On this record, we are confident that the five-level increase did not affect Hansen's sentence and that he did not suffer prejudice from any error in applying § 2G2.2(b)(3)(B).

-4-

The judgment of the district court is affirmed.

_____