# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3076
_____

United States of America

*Plaintiff - Appellee*

v.

Lamont White

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 12, 2022
Filed: July 29, 2022
_____

Before LOKEN, ARNOLD, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

After the district court[1] denied his motion to suppress, Lamont White pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). White appeals the denial of his motion. We affirm.

---

[1]The Honorable Greg Kays, then Chief Judge, United States District Court for the Western District of Missouri.

## I.

The Kansas City Police Department received an anonymous call reporting suspicious activity. The caller said that two people—a woman in a damaged black Cadillac and a man with dreadlocks in a blue sedan—were parked nearby and had drugs and guns. Sergeant Simons, who was familiar with the area and the woman in the Cadillac, responded to the call. When he arrived, he saw the blue sedan with its hood up and a man sitting in the front seat. The man, later identified as White, got out of the car when he saw Simons and started tinkering with the engine. Simons approached, asked White if everything was okay, and then asked if he could frisk White. White agreed.

While Simons was frisking White, Sergeant Bryant arrived. Because the caller reported that there were guns, Bryant looked through the window of the car to see if there was a weapon inside. Instead, he saw a bag of crack cocaine in the cupholder of the center console. Bryant opened the door, but didn't immediately grab the drugs because he wasn't wearing gloves and didn't want to disturb the evidence. He signaled for Simons to arrest White, but White fled. During the chase, Bryant radioed other officers and instructed them to secure the drugs, saying "[u]nderneath the cup there should be a nice bag of crack, I think." After catching White, officers found a gun in the car and charged him with possessing a firearm as a felon.

White filed a motion to suppress the gun, claiming that the search of his car was unconstitutional. The Government opposed the motion, arguing that Sergeant Bryant saw the drugs in plain view, which, along with the 911 call and White's flight, provided probable cause. Bryant testified at the suppression hearing that he saw the drugs in the cupholder of the center console and "[t]here was some paperwork and miscellaneous items underneath it, which raised it up basically above the cupholder." This contradicted his recorded radio call saying that the drugs were "[u]nderneath the cup." When pressed on the inconsistency, Bryant could not explain it. But he reiterated that the drugs were in plain view.

The magistrate judge[2] found that the drugs were in plain view and recommended denying the motion to suppress. White filed an objection, claiming that the magistrate judge failed to address the inconsistency between Bryant's testimony and the recording. The district court adopted the report and recommendation and denied White's motion. White conditionally pleaded guilty and now appeals the denial of his motion to suppress.

II.

We review the denial of a motion to suppress *de novo*, and the district court's factual findings for clear error. *United States v. Holly*, 983 F.3d 361, 363 (8th Cir. 2020). "We will reverse a finding of fact for clear error only if, despite evidence supporting the finding, the evidence as a whole leaves us with a definite and firm conviction that the finding is a mistake." *Id.* (quotation omitted).

White argues that the district court erred in finding that the drugs were in plain view. He claims that Bryant's radio call should have been credited over his testimony because he testified a year after the arrest and could not explain the discrepancy. But "a credibility determination is virtually unreviewable on appeal" and "can almost never be a clear error unless there is extrinsic evidence that contradicts the witness's story or the story is so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it." *Id.* at 363–64 (quotation omitted). In finding that the drugs were in plain view, the district court implicitly credited Bryant's testimony over his radio call. While the two statements were at odds, the court's credibility determination was not clear error. The radio call was hectic—Bryant made it while chasing a fleeing suspect. Further, there is no extrinsic evidence that supports Bryant's radio call over his in-court testimony. Accordingly, we affirm.

_____

[2]The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

-3-