# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-3031
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Allan Hay

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: February 18, 2022
Filed: August 23, 2022
_____

Before SMITH, Chief Judge, BENTON and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

Christopher Hay pleaded guilty to one count of illegal possession of firearms and ammunition under 18 U.S.C. §§ 922(g)(3) and 924(a)(2) and two counts of possession of unregistered firearms under 26 U.S.C. §§ 5841, 5845, 5861(d), and

5871.  Hay preserved his right to appeal the district court's[1] denial of his motion to suppress and now appeals.  We affirm.

## I.

On December 9, 2019, United States Magistrate Judge Stephen B. Jackson, Jr. issued a federal search warrant authorizing the search of Hay's Solon, Iowa, residence for evidence related to the suspected illegal importation of firearms.  The warrant application was supported by a 12-page affidavit by United States Postal Inspector Bryce Husak.

In his affidavit, Husak notes that under the National Firearms Act (NFA), the term "firearm" includes "any firearm muffler or firearm silencer."  18 U.S.C. § 921(a)(3)(C).  He further states that the terms "firearm silencer" and "firearm muffler" are defined as "any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication."  Id. § 921(a)(25).  In a section titled "'Inline Filter' Firearm Silencers," Husak explains that the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Firearms Technology Criminal Branch (FTCB) has recently "seen an increase in items sold online described as 'Solvent Traps' or 'Inline Fuel Filters' that are easily modified to be used as silencers."

On October 30, 2019, the FTCB released Technical Bulletin 20-01 (the Bulletin) "to clarify the classification of solvent traps and inline filters purportedly used as solvent traps," and the Bulletin's findings are included in the affidavit.  According to Husak, the Bulletin explains that "legitimate solvent traps . . . attach to the muzzle of a firearm and are designed to catch or 'trap' dirty cleaning solvent

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

discharged from the barrel of a firearm when cleaning." In order to function, such solvent traps must have solid front end-caps with "no hole that [would] allow a projectile to pass-through." Purported solvent traps "that have a hole in or indexing mark for a hole in the front end-cap," on the other hand, "are classified as a 'firearm silencer' under the [NFA]."

Additionally, "[t]he size of threading on legitimate fuel filters is inconsistent with the size of firearm muzzle threading." However, many items sold online as "fuel filters" or "inline fuel filters" contain end caps with "threads the same size as firearm barrels, [which] negates the need for adaptors or modification" before they can be used as silencers. The affidavit explains that "[t]he FTCB classified such filters as 'firearm silencers.'"

Finally, the affidavit discusses a particular type of "fuel filter," often marketed as the "NAPA 4003" fuel filter, that also has "no actual filtering capability." "NAPA 4003" fuel filters are sized to fit a firearm muzzle without an adaptor and have an end cap with "pre-drilled center markings (indexing markings) that are not drilled completely through," and a front cap with "a fully pre-drilled hole that is threaded to accept firearm muzzles." They also contain a "spacer . . . to create a 'blast chamber' at the end of the device, a known feature of commercial silencers." These filters are classified by the FTCB as firearm silencers.

Turning to the investigation at hand, the affidavit describes the interception of two international packages addressed to Hay at his Solon residence and marked with a phone number confirmed to belong to him. First, on December 2, 2019, U.S. Customs and Border Protection officers in San Francisco intercepted a package sent to Hay from China containing items declared to be "Fuel Filter." According to the affidavit, the officers suspected the package contained a firearm silencer based on their experience with prior seizures of packages with similar shipping information and customs declarations. Inside the package, the officers discovered two items that matched the "NAPA 4003" fuel filter described in the Bulletin and that they determined were "firearm silencers." A Google search of one of the numbers affixed

to the boxes of the items returned only one result: "Napa 4003 24003 Auto 13Pcs 1/2-28 10 inch aluminum fuel trap solvent filter black." The second package sent to Hay, again from China, was intercepted on December 3, 2019. Its contents were declared as "Filter." As with the first package, it was suspected to contain a firearm silencer. Inspection revealed that the package contained twelve items matching the characteristics of the "NAPA 4003" firearm silencers. Based on these discoveries and his training and experience related to the investigation of NFA violations, Husak asserted in the affidavit that there was probable cause to believe that Hay's Solon residence contained evidence related to firearm and goods-smuggling offenses.

The warrant application was approved on December 9, 2019, and the search of Hay's residence was conducted on December 17, 2019. Officers located 37 firearms; hundreds of rounds of ammunition; four inline "fuel filter" silencers, one of which was affixed to a firearm; approximately 24 grams of marijuana; and a drug ledger. Hay admitted to possessing four fully drilled and functional "fuel filter" silencers he had previously ordered online. He admitted that the silencers he possessed diminished the report of the firearm to the point that he did not need ear protection. He further admitted he had not filed any ATF forms required to possess silencers and knew it was illegal to possess them without ATF approval.

A superseding indictment filed March 9, 2021, in the Southern District of Iowa charged Hay with possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1) and (b)(1)(D); illegal possession of firearms and ammunition under 18 U.S.C. §§ 922(g)(3) and 924(a)(2); possession of unregistered firearms under 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871; and possession of unlawfully imported firearms under 26 U.S.C. §§ 5844, 5845, 5861(k), and 5871.

Hay filed a motion to suppress the evidence obtained from the search of his residence, arguing there was not probable cause or a sufficient nexus between a criminal offense and his residence sufficient to support the warrant. He further argued that the Bulletin on which the affidavit relied amounted to an illegal and secret change of law that altered the legal status of fuel filters and solvent traps. The

district court denied the motion to suppress, concluding that the warrant was supported by probable cause, and even if it was not, the motion should still be denied because the good faith exception to the exclusionary rule applied. As to Hay's argument about the Bulletin, the court found that the Bulletin did not change the law governing fuel filters and solvent traps in any way.

Hay pleaded guilty to illegal possession of firearms and ammunition and two counts of possession of unregistered firearms, preserving his right to appeal the district court's denial of his motion to suppress. The district court sentenced him to 30 months of imprisonment. Hay now appeals the denial of the motion to suppress.

II.

"A mixed standard of review applies to the denial of a motion to suppress evidence." United States v. Williams, 777 F.3d 1013, 1015 (8th Cir. 2015). "We review the district court's findings of fact under the clearly erroneous standard, and the ultimate conclusion of whether the Fourth Amendment was violated is subject to *de novo* review." Id. (quoting United States v. Stephenson, 924 F.2d 753, 758 (8th Cir. 1991)). Whether the Leon good faith exception applies to a search executed pursuant to a warrant is an issue we review de novo. United States v. Cannon, 703 F.3d 407, 411–12 (8th Cir. 2013).

Hay first argues that the warrant application did not establish probable cause to justify the search of his residence because it relied on the confidential Bulletin, which in Hay's view represents an attempt by the ATF to improperly change the law by defining all fuel filters and solvent traps as silencers regardless of how a person intends to use them. According to Hay, by citing to the Bulletin, the affiant inaccurately represented to the magistrate judge that simple possession of fuel filters and solvent traps is a violation of federal law. And without any evidence that Hay intended to use the filters as silencers, he argues, the affidavit lacked probable cause.

Hay claims that by issuing the Bulletin, the ATF sought to eliminate the intent requirement in 18 U.S.C. § 921(a)(24) by "declar[ing] that fuel filters and solvent traps that are capable of being modified into silencers are legally defined by the ATF as silencers, even without any modification," and that "there need not even be intent to modify them." But Hay mischaracterizes what the Bulletin says. Both the Bulletin and the warrant affidavit directly quote § 921(a)(24) to define "firearm silencer," including the language establishing the intent requirement. Further, both the Bulletin and the affidavit discuss additional evidence beyond a person's mere possession of a fuel filter "capable of being modified into [a] silencer[]" to establish the requisite intent under § 921(a)(24). For example, the Bulletin states that the "FTCB has determined that an inline fuel filter *possessed with a firearm modified to accept it, or with an adaptor(s) designed to affix the filter to the muzzle of a firearm (multiple adapt[o]rs may be required)*, demonstrates intent to use the inline fuel filter to silence, muffle, or diminish the report of a portable firearm." (emphasis added). The affidavit accurately represents this, stating that "the FTCB determined that possessing an inline fuel filter *together with a firearm modified to accept it (including with an adapt[o]r)*, demonstrates an intent to use the fuel filter to silence, muffle, or diminish the report of a portable firearm." (emphasis added).

The only "fuel filters" that the Bulletin and affidavit claim qualify as "firearm silencers" without additional evidence of intent are those with specific characteristics that render them incapable of functioning as legitimate solvent traps but capable of being used as silencers—like those marketed as "NAPA 4003" fuel filters. These explanations help law enforcement identify devices that have no discernable use as anything but a firearm silencer. Possession of this type of "fuel filter"—in contrast to filters and solvent traps that also have lawful uses—speaks directly to § 921(a)(24)'s intent requirement. Thus, rather than attempting to change the law, the Bulletin merely seeks to inform law enforcement officers of items that qualify as firearm silencers under the law as it already exists. This same information is what was then presented to the magistrate judge in the affidavit in support of the warrant.

In the alternative, Hay argues that the warrant application failed to establish probable cause to believe evidence of the target offenses[2] would be found at his residence. The fuel filters at issue were already in the government's custody, and the application contained no other particularized information linking his residence to criminal activity. Hay also notes that the government did not arrange for a controlled delivery of the intercepted packages to his residence, and that the warrant application contained no evidence that he had ever ordered "fuel filters" to his home in the past or even that he owned firearms. The district court found, however, that even if the warrant application did not provide sufficient probable cause to justify the search, the motion to suppress should be denied under the good faith exception announced in United States v. Leon, 468 U.S. 897 (1984).

Under Leon, evidence obtained from a search performed under a warrant is suppressed only if "(1) the affiant [misled] the issuing judge with a knowing or reckless false statement; (2) the issuing judge wholly abandoned her judicial role; (3) the supporting affidavit was 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'; or (4) the warrant was 'so facially deficient' that the executing officer could not reasonably presume its validity." United States v. Notman, 831 F.3d 1084, 1089 (8th Cir. 2016) (quoting Leon, 468 U.S. at 923).

Hay asserts that the good faith exception does not apply because "the search warrant application misstated the law regarding firearm silencers and unmodified fuel filters and omitted the intent element, misleading the judge considering the warrant as to both law and facts." As discussed, however, the affidavit did not misstate the law or omit § 921(a)(24)'s intent requirement. Hay also argues that that

---

[2]The warrant affidavit lists the following as "target offenses": smuggling goods into the United States under 18 U.S.C. § 545; unlawfully importing a firearm under 18 U.S.C. § 922(1); possession of unregistered firearms under 26 U.S.C. § 5861(d); possession of a firearm not identified by a serial number under 26 U.S.C. § 5861(i); and possession of unlawfully imported firearms under 26 U.S.C. § 5861(k).

the warrant was "so fundamentally flawed that no one could rely on it as a valid warrant in good faith." The information included in the warrant application about fuel filters and solvent traps was at times difficult to follow, and the link between the target offenses and Hay's house was tenuous, for the reasons Hay identifies. But the warrant was not "so facially deficient" or "so lacking in indicia of probable cause" that the officers were not justified in relying on it. Officers intercepted two packages containing what they believed to be fourteen silencers, and both packages were addressed and on their way to Hay at his Solon residence. Officers confirmed the address on the packages was Hay's current address, and an ATF Firearms Enforcement Officer viewed photographs of the seized fuel filters and concluded they were silencers as defined by federal law. The warrant application was thin, but officers were not "entirely unreasonable" in their belief that the warrant was supported by probable cause, nor was the warrant so deficient that they "could not reasonably presume its validity." We agree with the district court that, regardless of whether the warrant was supported by probable cause, the good faith exception applies.

## III.

Based on the foregoing, we affirm the denial of Hay's motion to suppress.

_____