United States Court of Appeals

For the Eighth Circuit

_____

No. 21-3979

_____

United States of America

*Plaintiff - Appellee*

v.

Keasia Denise Morrow

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: September 19, 2022
Filed: October 11, 2022

_____

Before LOKEN, ARNOLD, and BENTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Over the course of about ten days Keasia Morrow went on something of a crime spree. Surveillance video captured her and others trying to steal a rifle. She also participated in an extortion scheme involving the use of a minor to commit sex acts and was present at the scene of a shooting committed by her boyfriend. She ultimately pleaded guilty to being a felon in possession of a firearm and ammunition, *see* 18

U.S.C. §§ 922(g)(1), 924(a)(2), and the district court[1] sentenced her to 42 months in prison. She maintains that her sentence is unreasonably high. We affirm.

We review Morrow's challenge for an abuse of discretion, which we have described as narrow and deferential, making it "the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Sentencing Guidelines range—as substantively unreasonable." *See United States v. John*, 27 F.4th 644, 651 (8th Cir. 2022). The district court calculated Morrow's Guidelines range at 21–27 months' imprisonment. Morrow doesn't take issue with that calculation, but she does say that the district court gave insufficient weight to mitigating personal characteristics in fixing her sentence. She emphasizes various difficulties and traumatic events she endured as a child, such as lacking a consistent home and being a witness to and victim of physical and sexual abuse. She also describes more recent abuse suffered at the hands of her boyfriend, including deceiving and coercing her into being a prostitute for his financial gain. Morrow also points out that she suffers from various mental health ailments.

Though Morrow's personal circumstances are tragic, the district court was hardly unfamiliar with them. Morrow filed a sentencing memorandum directing attention to these circumstances, and Morrow's counsel discussed them at length at the sentencing hearing. These contentions did not fall on deaf ears, as the court acknowledged that her childhood was "horrific" and explicitly recounted the difficulties that Morrow experienced and her "serious mental health issues." It explained that "what happened to you as a child should never have happened, and I'm sorry that nobody rescued you in time. But I can't allow you to go out and start preying on other people." *Cf. United States v. Merrett*, 8 F.4th 743, 752 (8th Cir. 2021).

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

The record reflects that additional considerations drove the district court's sentence. For example, the court was concerned that the calculated Guidelines range didn't adequately account for the severity of Morrow's offense conduct, which it characterized as a "series of serious criminal conduct . . . including the sexual abuse of a minor" that the court found "very troubling." The court also expressed concern about Morrow's behavior during pretrial detention, where she incurred 25 separate violations of jail rules, including her possession of sharpened objects and drugs as well as a false allegation of rape against jail staff. It also pointed out that Morrow "has a very serious criminal history" for her age and said that it was "very, very concerned about this defendant and her danger to the community."

Though Morrow would have preferred it if the court had weighed her mitigating personal circumstances more favorably relative to countervailing considerations, we "give due deference to the wide latitude afforded district courts when weighing the sentencing factors and assigning some greater weight than others." *See John*, 27 F.4th at 651. We discern no abuse of discretion in the court's treatment of the relevant sentencing criteria, and "reversal is not appropriate simply because the district court did not weigh" these considerations as Morrow prefers. *See United States v. Noriega*, 35 F.4th 643, 652 (8th Cir. 2022).

Morrow also maintains that the district court erred by finding that she had possessed a stolen gun. Though the court did not apply a sentencing enhancement based on this finding, it nevertheless took it into account in selecting a sentence. We review Morrow's challenge to this factual finding for clear error. *See United States v. Todd-Harris*, 19 F.4th 1074, 1077 (8th Cir. 2021) (per curiam). A finding is clearly erroneous when it "leaves us with a definite and firm conviction that the finding is a mistake." *See United States v. White*, 41 F.4th 1036, 1038 (8th Cir. 2022).

There is no clear error here. Morrow helped steal the gun in question by luring the victim of the theft away from his home so her boyfriend could burgle it. The court

also had before it a photograph recovered from Morrow's phone captioned "HIS & HERS" showing the arms of two people posing for a photograph while sitting in the front of a vehicle, each holding a gun—one (apparently Morrow) holding the gun to which she pleaded guilty to possessing and the other holding the stolen firearm in question. Though it does not appear that the stolen gun was in Morrow's hand, the court noted that in the photograph Morrow was mere "inches away from this gun." On this record, we do not have a definite and firm conviction that the court erred in inferring that Morrow also had some control over the stolen firearm. *See United States v. Fisher*, 965 F.3d 625, 630 (8th Cir. 2020) (per curiam).

Finally, Morrow faults the district court for varying upward to correct her behavior and reform her through treatment. *See United States v. Holdsworth*, 830 F.3d 779, 784–85 (8th Cir. 2016). It is true that at one point during the sentencing hearing the district court remarked that Morrow could "get some treatment that she may need" while in prison. But the record as a whole demonstrates that the sentence was driven by her offense conduct, her criminal history, and the court's desire to protect the public. The court's isolated comment does not show that the court lengthened Morrow's sentence to ensure her participation in a specific treatment program. *See id.* at 785. We observe as well that a court's consideration of "the need for the sentence imposed . . . to provide the defendant . . . correctional treatment in the most effective manner" is one of the considerations that a court should weigh in imposing a sentence. *See* 18 U.S.C. § 3553(a)(2)(D). We discern no error here.

Affirmed.

_____