# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3890

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Ray Mitchell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota

_____

Submitted: October 21, 2022
Filed: December 13, 2022

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Michael Ray Mitchell pled guilty to unlawful possession of a firearm but preserved his right to appeal the district court's[1] denial of his motion to suppress. We affirm.

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, adopting the report and recommendation of the Honorable Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.

## I. Background

Mitchell was indicted for unlawful possession of a firearm under 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2). The indictment stemmed from an incident when Mitchell stayed as an overnight guest at the home of Cameron Tillman. Minnehaha County Deputy Sherriff Cody Lowe, Sergeant Craig Butler, and Sergeant Kiel Ricci arrived at Tillman's home in Sioux Falls to effectuate an arrest warrant for Anthony Richards, who they believed was staying there. While searching the home, law enforcement came across Mitchell laying on a couch, where they soon found a pistol. After his arrest, Mitchell filed a motion to suppress the introduction of the pistol and other evidence, arguing law enforcement had neither a warrant nor consent to search the home.

At the suppression hearing, the government argued the warrantless search was constitutional. In support, the government presented testimony from Lowe, Butler, and Ricci that Tillman had consented to the search. Mitchell called Tillman, who denied giving consent to search and said the officers "kind of just moved their way in" the home while talking to him. The magistrate judge credited the officers' version of events, found Tillman consented to the search of the home, and recommended the district court deny Mitchell's motion to suppress. The district court adopted the recommendation. Mitchell then conditionally pled guilty, preserving the right to appeal the adverse ruling on his motion to suppress. Mitchell appeals and asks us to reverse the district court's denial of his motion to suppress.

## II. Analysis

We apply a mixed standard of review. *United States v. Hay*, 46 F.4th 746, 750 (8th Cir. 2022). "We review the district court's findings of fact under the clearly erroneous standard, and the ultimate conclusion of whether the Fourth Amendment was violated is subject to *de novo* review." *Id.* (quoting *United States v. Williams*, 777 F.3d 1013, 1015 (8th Cir. 2015)). The clearly erroneous standard applies to "the factual finding that consent to search was voluntary." *United States v. Bearden*, 780

F.3d 887, 892 (8th Cir. 2015). "We will reverse a finding of fact for clear error only if, despite evidence supporting the finding, the evidence as a whole leaves us with a definite and firm conviction that the finding is a mistake." *United States v. White*, 41 F.4th 1036, 1038 (8th Cir. 2022) (quoting *United States v. Holly*, 983 F.3d 361, 363 (8th Cir. 2020)).

The Fourth Amendment prohibits unreasonable searches. U.S. Const. amend. IV. Voluntary consent is an exception to the Fourth Amendment's general prohibition of a warrantless entry into a home. *United States v. Anderson*, 688 F.3d 339, 345 (8th Cir. 2012). Whether an individual provided consent to search necessarily involves the credibility of witnesses. *United States v. Ortega-Montalvo*, 850 F.3d 429, 433 (8th Cir. 2017). "A credibility finding made by a magistrate judge 'after a hearing on the merits of a motion to suppress is virtually unassailable on appeal.'" *United States v. Shafer*, 608 F.3d 1056, 1065 (8th Cir. 2010) (quoting *United States v. Starr*, 533 F.3d 985, 995 (8th Cir. 2008)). Further, "the 'decision to credit a witness's testimony over that of another can almost never be a clear error unless there is extrinsic evidence that contradicts the witness's story or the story is so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it.'" *United States v. Harper*, 787 F.3d 910, 914 (8th Cir. 2015) (quoting *United States v. Heath*, 58 F.3d 1271, 1275 (8th Cir. 1995)).

Mitchell argues the consent finding was clearly erroneous because it was based on inconsistent testimony among the three law enforcement officers. We disagree.

Three law enforcement officers who were at the home testified at the suppression hearing. Lowe, Butler, and Ricci each testified that Lowe asked Tillman if he would consent to search. Lowe testified that Tillman provided verbal consent. Butler, who was standing next to Lowe, could not recall Tillman's exact words. But Butler explained Tillman "essentially said, yes, we can search for Anthony [Richards]." Ricci was also unable to confirm that Tillman verbally consented. But Ricci was standing behind Lowe and Butler and observed Tillman move out of the

-3-

way. Lowe, Butler, and Ricci further testified they would not have searched the home without consent. The magistrate judge considered this evidence and made a "credibility finding that the officers were testifying truthfully."

In addition to crediting law enforcement's testimony, the magistrate judge discredited Tillman's testimony to the extent it varied from the officers' description of events. The magistrate judge noted that Tillman originally told Lowe there were only two people in the house when there were actually three. The magistrate judge also noted that Tillman appeared to admit he lied when he "dropped his head" after Ricci confronted him about the discrepancy. Mitchell insists the magistrate judge "infers too much." But, again, the magistrate judge's credibility determination after personally hearing and observing Tillman's testimony is virtually unassailable on appeal. And Lowe, Butler, and Ricci's testimony was not inconsistent or implausible.

### III. Conclusion

Based on our review of the record, there is no basis to disturb the magistrate judge's factual findings, as they were not clearly erroneous. Accordingly, the district court did not err by denying Mitchell's motion to suppress, and we affirm.

_____