# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1177
_____

United States of America

*Plaintiff - Appellee*

v.

Xavion Omoware

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: January 13, 2023
Filed: February 9, 2023
[Unpublished]
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Xavion Omoware pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He reserved his right to appeal the

district court's[1] denial of his motion to suppress the firearm, which he alleges was unlawfully found during a warrantless search of his hotel room. We affirm.

In June 2020, Little Rock police officers responded to a call from Omoware's wife saying that he had assaulted her, threatened her with a firearm, and taken her car. Officers found the car parked at a Little Rock hotel. Omoware was standing near the car and speaking with his brother. Upon seeing the officers, Omoware ran to his room on the other side of the hotel. Officer Nicholas Maier spoke with the brother and learned he had rented a room for Omoware. The brother told the officers the room number.

The officers knocked on the door of Omoware's hotel room. After several minutes of knocking and pleading with Omoware to come out, they announced to Omoware that they would have a hotel maintenance worker open the door. At that point, Omoware opened the door and argued with the officers. The officers arrested him and performed a sweep of the room but found no contraband. They put Omoware in a squad car and took him to jail.

After Omoware's arrest, his wife, Corina, arrived at the hotel to retrieve her car. She described the handgun that Omoware threatened her with and asked whether officers found it when they searched him; they had not. She then permitted Officer Maier to search her car. During that search, Corina noticed that some of her belongings were missing. She told Officer Maier that she wanted to search the room for them and indicated that Omoware had been "on the run" before so she knew where he hides things.

Officer Maier believed that Arkansas's communal-property laws permitted Corina to enter the room. He asked a maintenance worker for access. The parties dispute what happened next, but ultimately a firearm was found under the mattress.

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

The Government maintains that Officer Maier stood outside the room at the doorway and merely observed as Corina searched the room. Omoware contends that Officer Maier also entered the room and took part in the search. For support, Omoware points to Officer Maier's dashcam audio, which recorded sound from a microphone on Maier's person. Omoware argues that Officer Maier's comments during the search indicate that he was alongside Corina as the mattress was lifted from the bed. At the suppression hearing, the district court credited Officer Maier's testimony that he did not enter the room and denied Omoware's motion to suppress.

Omoware appeals, challenging the lawfulness of the warrantless search that led to the discovery of the firearm. He argues that the district court clearly erred in finding that Officer Maier did not enter the room. Alternatively, he contends that Corina acted as the officers' agent and thus effected an unlawful search on the officers' behalf.

We apply a mixed standard of review to a district court's denial of a motion to suppress evidence. *United States v. Mitchell*, 55 F.4th 620, 622 (8th Cir. 2022). "We review the district court's findings of fact under the clearly erroneous standard, and the ultimate conclusion of whether the Fourth Amendment was violated is subject to *de novo* review." *Id.* "We will reverse a finding of fact for clear error only if, despite evidence supporting the finding, the evidence as a whole leaves us with a definite and firm conviction that the finding is a mistake." *United States v. White*, 41 F.4th 1036, 1038 (8th Cir. 2022).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." "When an individual seeks to preserve something as private, and his expectation of privacy is one that society is prepared to recognize as reasonable, . . . official intrusion into that private sphere generally qualifies as a search and requires a warrant supported by probable cause." *Carpenter v. United States*, 585 U.S. ---, 138 S. Ct. 2206, 2213 (2018). This protection generally extends to a person's hotel room,

even if that person does not register or pay for the hotel room himself. *See United States v. Williams*, 521 F.3d 902, 906 (8th Cir. 2008).

The district court indicated that Omoware might have a reduced expectation of privacy in the room because it was not rented under his name, he was purportedly fleeing law enforcement, and he was on supervised release. For our purposes here, we assume without deciding that Omoware had a reasonable expectation of privacy in the room. *See id.*

The crux of Omoware's primary argument is that the district court erred in finding that Officer Maier did not take part in the search himself. We have reviewed the record—including Officer Maier's testimony and the dashcam audio recording— and find no clear error. The audio recording does not clearly contradict Officer Maier's testimony that he did not enter the room and participate in the search. The district court credited that testimony, and it did not clearly err in doing so. *See White*, 41 F.4th at 1038 (noting that a district court's credibility determination "is virtually unreviewable on appeal").

As for Omoware's argument that Corina acted as the officers' agent, this is a new argument raised for the first time on appeal. Absent a showing of good cause, we will not consider it. *See* Fed. R. Crim. P. 12(b)(3)(C), 12(c)(3); *United States v. Green*, 691 F.3d 960, 963-65 (8th Cir. 2012) ("[T]he waiver provision of Rule 12 precludes appellate review of arguments to suppress evidence that are not raised in a pretrial motion to suppress."). Omoware has not shown good cause, so his argument is waived.

We affirm the district court's denial of Omoware's motion to suppress.

_____