# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-3002
_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth Wayne Gilmore

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: February 14, 2024
Filed: August 9, 2024
[Published]
_____

Before LOKEN, COLLOTON,[1] and KELLY, Circuit Judges.
_____

PER CURIAM.

Officers from the Jonesboro, Arkansas, Police Department went to Kenneth Wayne Gilmore's home because they received a tip about the possible use and sale of illegal drugs there. As they spoke with Gilmore at his front door, they smelled

---

[1]Judge Colloton became chief judge of the circuit on March 11, 2024.  See 28 U.S.C. § 45(a)(1).

marijuana coming from inside the home. They asked him to step outside, Gilmore complied, and the officers detained him. The officers then requested a warrant to search the home. The affidavit in support of the search warrant stated that the officers "responded to [Gilmore's residence] in reference to illegal narcotics use and sells," and upon arrival, they "could smell a strong odor of marijuana coming from the residence." The warrant was issued, and during the search that followed, officers found two firearms.

Before trial, Gilmore filed several motions challenging the validity of the search warrant. As relevant to this appeal, he argued that the warrant lacked probable cause and that procedural irregularities in how the warrant was obtained required suppression of all evidence seized in the resulting search. The district court[2] held an evidentiary hearing and denied Gilmore's motions. After a three-day jury trial, Gilmore was convicted of possession of a firearm as a felon. He appeals, challenging the denial of his motions.

When reviewing the "denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo." United States v. Allen, 43 F.4th 901, 907 (8th Cir. 2022) (citation omitted); see also United States v. Norey, 31 F.4th 631, 635 (8th Cir. 2022) ("The determination of probable cause is reviewed de novo." (citation omitted)). "Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Mayo, 97 F.4th 552, 555 (8th Cir. 2024) (quoting United States v. Juneau, 73 F.4th 607, 614 (8th Cir. 2023)).

Gilmore first argues that the warrant for his residence lacked probable cause because the Arkansas Constitution was amended "to legalize medical marijuana." See Ark. Const. amend. 98 (2016); Ark. Dep't of Fin. & Admin. v. Naturalis Health, LLC, 549 S.W.3d 901, 904 (Ark. 2018). He asserts that "the smell of marijuana, in

_____

[2]The Honorable D.P. Marshall Jr., then Chief Judge, now District Judge, United States District Court for the Eastern District of Arkansas.

isolation, does not suggest a violation of law," because in Arkansas, the odor may be a result of "innocent legal conduct." But contrary to Gilmore's argument, the odor of marijuana here was not "in isolation." The affidavit in support of the warrant also included information regarding the suspected use and sale of controlled substances from Gilmore's home. On appeal, Gilmore neither challenges the sufficiency of this additional information nor argues that the smell of marijuana in combination with it is insufficient to establish probable cause. Thus, his challenge to the district court's probable cause finding is unavailing. We need not address whether the odor of marijuana in isolation would establish probable cause to search the residence.

Next, Gilmore argues that the government failed to establish that the officers obtained a warrant at all. He points out that the officers never left the scene before the search began, giving them no opportunity to request and receive a warrant. In the alternative, he argues that any warrant they obtained was not issued and filed in accordance with Arkansas law. At the evidentiary hearing, the district court heard directly from Investigator Bailey, one of the officers at the scene. Bailey explained that he called a state court judge from his patrol car, emailed the search warrant affidavit to the judge, and was "put under oath on the telephone." Relying on this testimony, the district court found that the officers obtained a valid warrant. Based on the bodycam footage, the court also found that Bailey had the warrant in his hands when he got out of the car to approach Gilmore, and that Gilmore received a copy of it. We find no clear error in these factual findings.

In the alternative, Gilmore argues that suppression is warranted because the judicial officer did not file the warrant with the clerk of court or file a recording or transcript of any oral testimony Bailey gave over the phone. See Ark. R. Crim. P. 13.4(c); Ark. Code Ann. § 16-82-201(d)(2) (2018). Under the good-faith exception, see United States v. Leon, 468 U.S. 897 (1984), "disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." United States v. Mayweather, 993 F.3d 1035, 1041 (8th Cir. 2021) (quoting United States v. Moya, 690 F.3d 944, 948 (8th Cir. 2012)).

Suppression is warranted only in the following scenarios: (1) when the affiant misled the issuing judge by way of "a knowing or reckless false statement"; (2) when "the issuing judge wholly abandoned [their] judicial role;" (3) when "the supporting affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," or (4) when the warrant is "so facially deficient" that no police officer could reasonably presume it valid. United States v. Hay, 46 F.4th 746, 751 (8th Cir. 2022) (quoting United States v. Notman, 831 F.3d 1084, 1089 (8th Cir. 2016) (internal quotation marks omitted)).

None of these circumstances are at issue here. Instead, the procedural missteps Gilmore alleges are precisely the type of factual scenarios contemplated by Leon and its progeny. See Arizona v. Evans, 514 U.S. 1, 15–16 (1995) (holding that record keeping errors by court employees do not trigger the exclusionary rule so long as police reasonably relied on them); Herring v. United States, 555 U.S. 135, 146 (2009) (distinguishing reckless warrant-maintenance practices from those that are merely negligent for purposes of justifiable exclusion). Gilmore does not meaningfully challenge the district court's conclusion that the officers acted in good faith. Leon, 468 U.S. 897, 922–25 (1984).

We affirm the judgment of the district court.

_____