# United States Court of Appeals

## For the Eighth Circuit

---

No. 23-2882

---

United States of America

*Plaintiff - Appellee*

v.

Cornelius Banks, also known as Gucci, Originally named Corneluis Banks

*Defendant - Appellant*

---

Appeal from United States District Court
for the Eastern District of Arkansas - Central

---

Submitted: April 8, 2024
Filed: August 22, 2024
[Unpublished]

---

Before GRUENDER, MELLOY, and KELLY, Circuit Judges.

---

PER CURIAM.

Cornelius Banks entered a conditional guilty plea to one count of possessing an unregistered machine gun in violation of 26 U.S.C. § 5861(d), reserving the right to appeal the denial of his motion to suppress. The district court[1] sentenced Banks

---

[1]The Honorable D.P. Marshall, Jr., then Chief Judge, now United States District Judge for the Eastern District of Arkansas.

to two years of probation, 100 hours of community service, and a $100 assessment. Banks now appeals.

Law enforcement officers conducted a warrantless search of Banks's apartment, where they found a machine gun and other firearms. Banks filed a motion to suppress, arguing that officers had not obtained his voluntary consent to enter and search his apartment. United States v. Mendoza, 677 F.3d 822, 829 (8th Cir. 2012) ("The police may, of course, search a person's home with his or her consent, provided the consent is voluntary.").

The district court held an evidentiary hearing, where the government called four officers who were at Banks's apartment at the time of the entry and search. Each officer testified that Banks gave them permission to search his apartment before they entered. Banks, his live-in girlfriend, and a neighbor also testified. Banks said that no one asked him for consent to search and that he did not give the officers his consent. Banks's girlfriend also denied ever being asked "for permission to go into the house." And Banks's neighbor described seeing an officer who "kept trying to force his way inside," eventually "brush[ing] past" Banks and going "into the [apartment]." After considering all of the evidence, the district court determined that Banks voluntarily consented to the search of his apartment and denied his motion to suppress.

On appeal, Banks argues that the district court erred in its findings. We review the district court's factual findings, including credibility determinations, for clear error. United States v. White, 41 F.4th 1036, 1038 (8th Cir. 2022). "[W]hen findings are based on determinations regarding the credibility of witnesses, the level of deference is even higher than the standard already described." United States v. Tucker, 243 F.3d 499, 506 (8th Cir. 2001) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985)). Moreover, when a district court "credit[s] the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Id. (quoting Anderson,

470 U.S. at 575). Presented with two permissible but conflicting views of the events at Banks's apartment, the district court found the testimony of the law enforcement officers more credible. This finding was not "incoherent or facially implausible," "contradicted by extrinsic evidence," or "internally inconsistent," and we discern no clear error. Id.

Banks also argues the district court erred in failing to explain its reasoning for crediting the officers' testimony over his, his girlfriend's, and his neighbor's. In support, however, he relies solely on out-of-circuit cases that address concerns not present here. See United States v. Forbes, 181 F.3d 1, 7 (1st Cir. 1999) (remanding where a district court made inconsistent determinations as to a single witness's credibility); United States v. Haynes, 301 F.3d 669, 680–81 (6th Cir. 2002) (reversing where a district court relied on contradictory testimony and reasoning of government witnesses); United States v. Asido, 9 F. App'x 925, 931–32 (10th Cir. 2001) (remanding where a district court made contradictory credibility determinations). In any event, we find the district court made sufficiently detailed factual findings and credibility determinations that were supported by the record.

Finding no reversible error, we affirm.

_____