# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1117

_____

United States of America

*Plaintiff - Appellee*

v.

Ricky Hilburn

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison

_____

Submitted: January 13, 2025
Filed: June 4, 2025
[Published]

_____

Before LOKEN, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

In spring 2022, Ricky Hilburn communicated with Robert Riggs, an individual who was the subject of an FBI investigation into child pornography. Hilburn and Riggs sent messages back and forth discussing their "sexual interest in minor males" and sent each other "large amounts of [child sexual abuse material]." Hilburn later pleaded guilty to distribution of child pornography, in violation of 18

U.S.C. § 2252A(a)(2) and (b)(1), and travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). At sentencing, the district court[1] imposed a 500-month sentence, followed by a lifetime term of supervised release. Hilburn appeals his sentence.

Hilburn's sole argument on appeal is that the district court improperly applied an enhancement under USSG § 2G2.2(b)(3)(B) for distribution "in exchange for any valuable consideration." See United States v. Neri, 73 F.4th 984, 988 (8th Cir. 2023) (explaining procedural error includes "improperly calculating[] the Guidelines range"). "[W]e review the district court's factual findings for clear error and its application of the guidelines de novo," United States v. Ayres, 929 F.3d 581, 583 (8th Cir. 2019) (quoting United States v. Quiver, 925 F.3d 377, 380 (8th Cir. 2019)), mindful that "[t]he district court was entitled to draw reasonable inferences from the record," United States v. Gray, 83 F.4th 714, 718 (8th Cir. 2023) (alteration in original) (quoting United States v. McArthur, 11 F.4th 655, 663 (8th Cir. 2021)). "A finding is clearly erroneous when it 'leaves us with a definite and firm conviction that the finding is a mistake.'" United States v. Morrow, 50 F.4th 701, 704 (8th Cir. 2022) (quoting United States v. White, 41 F.4th 1036, 1038 (8th Cir. 2022)).

Under USSG § 2G2.2(b)(3)(B), a five-level enhancement applies "[i]f the defendant distributed [material involving the sexual exploitation of a minor] in exchange for any valuable consideration, but not for pecuniary gain." As we have explained, "[t]his means that the increase applies where a defendant 'agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material.'" United States v. Hansen, 859 F.3d 576, 577 (8th Cir. 2017) (quoting USSG § 2G2.2(b)(3)(B), comment. (n.1)).

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Relying on the undisputed facts in the Presentence Report (PSR), the district court found that Hilburn agreed to send Riggs child pornography in exchange for more child pornography. The district court recognized that neither Hilburn nor Riggs used any "magic words" to indicate an express agreement. But the district court determined "that the direct evidence in the [PSR] . . . and certainly the reasonable inferences that one should draw from those facts" showed "that Mr. Hilburn and Mr. Riggs had an agreed arrangement whereby they would send each other . . . child pornography for their own sexual gratification purposes."

We see no clear error in the district court's findings. See United States v. Nelson, 106 F.4th 719, 724 (8th Cir. 2024) ("[U]nless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." (quoting United States v. Razo-Guerra, 534 F.3d 970, 975 (8th Cir. 2008))). On a single day in April 2022, Hilburn sent Riggs three videos, each depicting prepubescent males performing sexual acts, and also sent him a message stating, "F[***] yess, gimme that child porn." Less than a month later— again, on a single day—Hilburn and Riggs sent each other a total of five videos depicting the sexual exploitation of a minor. They sent the videos one at a time, with Hilburn sending the first one, Riggs responding with another, and so on. Riggs later admitted to law enforcement that he "communicated and exchanged" child pornography with Hilburn. Similarly, Hilburn told law enforcement that he "had been trading child pornography with Riggs." Bolstering the district court's conclusion, the two men's interactions were repeated and not anonymous: they had familiarity with each other, as Riggs told investigators that he knew Hilburn not only online, but also "in person."

Hilburn challenges the district court's reliance on his admission to law enforcement that he was "trading" child pornography. He argues we "should not assume that [his] intended use of that word was the same . . . as the word is used under the Guidelines." But considering the evidence as a whole, the inference the district court drew from Hilburn's admission was reasonable. See Gray, 83 F.4th at 718. After carefully reviewing the record, we are not "le[ft] . . . with a definite and

firm conviction that the [district court's] finding[s] [are] a mistake." <u>Morrow</u>, 50 F.4th at 704 (quoting <u>White</u>, 41 F.4th at 1038).

We affirm.

_____